UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUDLEY P. GILBERT
167 William Street
Buffalo, New York 14204

       Plaintiff,

v.

NEW YORK STATE POLICE and
WAYNE E. BENNETT, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS PAST
SUPERINTENDENT OF THE NEW YORK STATE POLICE
State Campus, Building 22
1220 Washington Avenue
Albany, New York 12226

       Defendants.

_____

**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

Civil Action No.: _____

## INTRODUCTION

1.     This action is brought under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991, pursuant to the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1981 to correct unlawful employment practices on the basis of race and to provide appropriate relief to the plaintiff Dudley P. Gilbert who has been subjected to defendants' discriminatory conduct on the basis of race with respect to discharge and discipline.

2.     Plaintiff Dudley Gilbert was discharged from his trooper's position with the defendant New York State Police ("NYS Police"), while undergoing rehabilitation treatment for an off-duty incident involving alcohol.

3.     Despite recommendations from a NYS Police counselor, and former deputy

superintendent Preston Felton, who were in agreement with respect to a program to get the plaintiff back to work to finish out his twenty year term to full retirement, the defendants abruptly terminated plaintiff's employment.

4.     Plaintiff alleges that he was discriminated against on the basis of race because other similarly situated non-African American officers were allowed to complete rehabilitation programs and/or return to work.

## JURISDICTION AND VENUE

5.     Jurisdiction in this court is asserted pursuant to 28 U.S.C. §§45, 1331, 1337, and 1343, and 42 U.S.C. §2000e-5(f)(1) and (3).  This action is instituted pursuant to §703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1) (and 2) ("Title VII"); 42 U.S.C. §1981; and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

6.     Employment practices alleged to be unlawful herein were committed within the territorial jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

7.     Plaintiff Dudley Gilbert is an African American male, resides at 167 William Street in the City of Buffalo, County of Erie, State of New York, and was formerly an employee of the defendant NYS Police.

8.     Plaintiff worked as a trooper for the  NYS Police for over eighteen years until he was terminated June 10, 2005, pursuant to a letter issued by defendant Wayne E. Bennett, then superintendent of the NYS Police.

9.     Defendant NYS Police is, upon information and belief, an executive agency of the State of New York with offices throughout the State and headquarters located at Building 22,

1220 Washington Avenue, Albany, New York 12226-2252.

10.    Defendant Wayne E. Bennett, sued herein individually and in his official capacity as past superintendent of the NYS Police, upon information and belief, is a resident of the State of New York.

11.    At all times relevant herein, defendant NYS Police had at least five hundred (500) employees.

12.    At all times relevant herein, defendant NYS Police has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), (h) of Title VII, 42 U.S.C. §2000e(1)(b)(g)(h).

## EXHAUSTIVE ADMINISTRATIVE REMEDIES

13.    On or about October 14, 2005, more than thirty days prior to the institution of the instant lawsuit, plaintiff Dudley Gilbert jointly filed a charge of racial discrimination with the New York State Division of Human Rights and the federal Equal Employment Opportunity Commission ("EEOC"), alleging violations of New York's Human Rights Law and Title VII by the defendants.

14.    On August 7, 2007, the EEOC, through its New York district office located at 33 Whitehall Street, 5th Floor, New York, New York 10004, issued a dismissal and notice of rights letter to plaintiff Dudley P. Gilbert.

15.    This lawsuit has been filed within ninety days of the plaintiff Dudley Gilbert's receipt of the EEOC's August 7, 2007 notice.

16.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS APPLICABLE TO ALL COUNTS

17.    Plaintiff Dudley Gilbert worked as a New York State trooper from March 30, 1987 until he was terminated on June 10, 2005.

18.    On January 7, 2005, plaintiff received a letter of censure and a notice of suspension from first deputy superintendent Preston L. Felton of the NYS Police, based on an off-duty one vehicle property damage accident which occurred on November 9, 2004.

19.    The January 7, 2005 letter of censure from first deputy superintendent Felton advised plaintiff Dudley Gilbert that he was suspended without pay for fifteen days, from January 17, 2005 through January 31, 2005 and that he would be returned to probationary status for six months beginning February 1, 2005 and ending August 1, 2005.

20.    On May 27, 2005, plaintiff Dudley Gilbert received a notice of suspension from Major George P. Beach, Troop Commander, Troop T, provided by Captain Michael P. Nigrelli.

21.    On June 10, 2005 plaintiff Dudley Gilbert was issued a letter from superintendent Wayne E. Bennett advising that he would not be restored to a permanent position as a member of the NYS Police and that his employment was therefore terminated, effective immediately.

22.    Plaintiff was in an off-duty automobile accident on May 26, 2005, when he was struck while leaving a parking space on the street, approximately two blocks from his home.

23.    At the scene, plaintiff was not charged with driving under the influence and was not asked to take a sobriety test, but he was later charged and arrested by officers of the Buffalo Police Department.

24.    Plaintiff's license was fully restored June 12, 2005, pursuant to a notification plaintiff received from a Department of Motor Vehicles Administrative Law Judge.

25.     In Buffalo City Court, plaintiff was acquitted of all charges after trial with respect to the May 26, 2005 automobile accident.

26.     NYS Police investigator Bernard Feldman, associated with the NYS Police Employee Assistance Program ("EAP"), when advised of the May 26, 2005 accident, informed plaintiff to check himself into an alcohol recovery program, which would aid him in protecting his job, whether he needed help or not.

27.     Plaintiff voluntarily agreed to check himself into the Tully Hill inpatient treatment facility in Tully, New York after he was released from custody of the Buffalo Police Department after the May 26, 2005 incident.

28.     While undergoing inpatient treatment at Tully Hill, defendant Bennett's June 10, 2005 termination letter was delivered to plaintiff.

29.     Investigator Feldman, after completion of the twenty-eight day program, and while driving Mr. Gilbert to his residence, informed plaintiff that initially an agreement had been set in place through NYS Police's EAP, and NYS Police first deputy superintendent Preston Felton for plaintiff to retain his job, pending approval by NYS Police Superintendent Wayne E. Bennett.

30.     In the normal course of events, the first deputy superintendent, who then happened to be an African American gentleman, handled matters of discipline for off-duty conduct.

31.     Upon information and belief, in an uncustomary act, superintendent Wayne Bennett usurped the disciplinary process from EAP and the first deputy superintendent,

dissolved the agreement worked out between the first deputy superintendent and the EAP, and terminated plaintiff.

32.     Upon information and belief, NYS Police veterans with seniority similar to plaintiff Gilbert, in disciplinary situations, are usually afforded an opportunity to complete twenty years of service, and then retire.

33.     Similarly situated New York State troopers with about the same amount of seniority as the plaintiff had been allowed to maintain their employment and/or retire with full benefits.

34.     On October 14, 2005, plaintiff filed a verified complaint with the New York State Division of Human Rights charging the New York State Division of State Police, the New York State Department of Civil Service and the New York State Office of the State Controller, with unlawful discriminatory practices relating to employment because of race in violation of the Human Rights Law of the State of New York.

35.     After investigation, the Division of Human Rights determined that it had jurisdiction in the matter and there was probable cause to believe the respondent engaged in or was engaging in the unlawful discriminatory practice complained of, as specified in a detailed determination after investigation, dated February 15, 2007.

36.     On March 7, 2007, the NYS Police applied to reopen the above-referenced proceeding, and vacated the Division's probable cause of termination.

37.     On June 6, 2007, acting general counsel of the Division of Human Rights found that the proceeding should be reopened and remanded to the regional director of the Division of Human Rights to dismiss such proceeding for lack of jurisdiction.

38.     Upon information and belief, administrative dismissal by the New York State

Division of Human Rights was the basis of the dismissal by the EEOC, contrary to pertinent provisions of federal law.

39.     In plaintiff's initial administrative complaint, cross-filed as federal charge number 16GA600208, plaintiff alleged that the NYS Police discriminated against him because of his race and color, and named seven specific NYS Police caucasian employees who had been arrested and/or convicted of driving under the influence, yet were not terminated.

## COUNT I

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Pursuant to 42 U.S.C. §1981, all persons within the jurisdiction of the United States are guaranteed equal rights to make and enforce contracts and the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42.     Pursuant to 42 U.S.C. §1981(b), the right to make and enforce contracts includes the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

43.     Pursuant to §1981(c), the rights protected by §1981 are protected against impairment by non-governmental discrimination and impairment under Color of State Law.

44.     Upon information and belief, rules and policies regarding discipline and discharge must be enforced in an even-handed matter, without regard to race, in order to comply with 42 U.S.C. §1981.

45.     Plaintiff is African American and is the member of a racial minority.

46.     The defendants had an intent to discriminate against plaintiff, on the basis of race.

47.     The defendants' discrimination concerned one or more of the activities enumerated in 42 U.S.C. §1981.

48.     The defendants' conduct was undertaken intentionally to interfere with plaintiff's rights pursuant to 42 U.S.C. §1981.

49.     The defendants' actions were taken under color of state law.

50.     As a result of defendants' denial and/or interference with plaintiff's civil rights, plaintiff has suffered compensatory damages to be determined at trial, including attorneys fees incurred to remedy defendants' deprivation of plaintiff's rights, lost employment opportunities, lost income (past and future), and lost benefits, and seeks punitive damages, compensatory damages, and attorneys fees as allowed by law.

## COUNT II

51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52.     Pursuant to 42 U.S.C. §2000e(b), defendant NYS Police, as an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty of more calendar weeks that occur under preceding calendar years, and any agent of the NYS Police, are prohibited from discriminating in compensation, terms, conditions, or privileges of employment against a person because of race.

53.     The defendants' unlawful employment practices were intentional.

54.     The defendants' unlawful employment practices were done with reckless indifference to the federally protected rights of plaintiff Dudley Gilbert.

55.     As a result of the defendants' unlawful employment practices, plaintiff has

suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation.

56.     As a result of the defendants' unlawful employment practices, plaintiff has suffered humiliation, outrage, embarrassment, damage to his reputation, disruption of his personal life, loss of enjoyment of life, loss of income, loss of benefits, loss of future income, and loss of retirement benefits.

57.     As a result of the defendants' violations of Title VII, plaintiff Dudley Gilbert has suffered damages in an amount to be determined at trial, and seeks affirmative relief, compensatory damages, punitive damages, and attorneys fees as allowed by law.

## COUNT III

58.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59.     Defendant NYS Police was, at all times relevant, an employer who employed plaintiff within the meaning of New York Executive Law §292 and §296.

60.     At all relevant times herein, defendant NYS Police employed more than four persons.

61.     As detailed above, during the course of plaintiff's employment, plaintiff was subjected to racial discrimination, and was terminated in violation of New York Executive Law §296.

62.     The conduct and words of the plaintiff's supervisors, together with the indifference of the employer, affected plaintiff's terms, conditions, and privileges of employment.

63.     The defendant NYS Police failed to undertake a sufficient investigation of racial discrimination by defendant Bennett or other supervisors of the plaintiff and failed to take

sufficient corrective action after being advised of discrimination by the plaintiff.

64.     Upon information and belief, defendant Wayne Bennett, aided, abetted, or incited the doing of acts forbidden by New York Executive Law §296, by, among other things, disregarding the NYS Police Employee Assistance Program's agreement and plaintiff's on-going treatment program and, instead, terminating plaintiff abruptly, without a hearing.

65.     As a result of the defendants' violations of New York Executive Law §296, plaintiff has suffered compensatory damages in an amount to be determined at trial.

WHEREFORE, plaintiff demands judgement against the defendants as follows:

A.     On counts I and II of the Complaint:

1.     Granting a permanent injunction enjoining defendants, their officers, and all persons acting in concert or participating with them from engaging in race discrimination and other employment practices and civil rights violations which discriminate on the basis of race;

2.     Ordering defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for employees regardless of race and to eradicate the effects of its past and present unlawful employment practices or civil rights violations;

3.     Ordering defendants to make the plaintiff whole by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices or civil rights violations, including, but not limited to, front pay;

4.     Ordering defendants to make the plaintiff whole by providing compensation for past and future pecuniary losses resulting from unlawful employment practices and civil rights violations, including, but not limited

to, out of pocket losses in amounts to be determined at trial;

5.     Ordering defendants to make plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from unlawful employment practices or civil rights violations, including pain and suffering, humiliation, anxiety, depression, and loss of enjoyment of life in an amount to be determined at trial;

6.     Ordering defendants to pay plaintiff punitive damages for intentional, malicious and/or reckless conduct in an amount to be determined at trial;

7.     Awarding plaintiff his attorneys fees, litigation expenses, the cost of this action, and such other and further relief as the court deems necessary and proper in the public interest.

B.     On count III of the complaint:

1.     Awarding plaintiff compensatory damages and damages for mental anguish, compensable under the New York Human Rights Law in an amount to be determined at trial.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised in the complaint.

Dated:  Buffalo, New York
        November 5, 2007

**ZDARSKY SAWICKI & AGOSTINELLI LLP**

By:     /s/ Gerald T. Walsh
        Gerald T. Walsh, of counsel
        Attorneys for Plaintiff
        404 Cathedral Place
        298 Main Street
        Buffalo, New York 14202
        (716) 855-3200
        gtwalsh@zsa.cc