UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUDLEY P. GILBERT,

                                                                                     ANSWER TO COMPLAINT BY
                                                                                     DEFENDANT NEW YORK
                                                                                     STATE POLICE

                         Plaintiff,

   -vs-                                                                              07-CV-0743 (WMS)

NEW YORK STATE POLICE and WAYNE E.
BENNETT, INDIVIDUALLY AND AS PAST
SUPERINTENDENT OF THE NEW YORK
STATE POLICE,
                        Defendants.
_____

      Defendant, New York State Police ("defendant"), by and through its attorney, Andrew M. Cuomo, Attorney General of the State of New York, Michael A. Siragusa, Assistant Attorney General, of counsel, as and for an answer to the plaintiff's complaint, states as follows:

    1.  Denies the allegations contained in paragraphs 4, 6, 23, 31, 32, 33, 46, 47, 48, 49, 50, 53, 54, 55, 56, 57, 61, 62, 63, 64 and 65.

    2.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 1, 2, 3, 5, 10, 12, 13, 15, 16, 24, 26, 27, 28, 29, 34, 38, 41, 42, 43, 44, 52 and 59, and therefore denies the same.

    3.  Admits the allegations in paragraphs 8, 9, 11, 14, 17, 18, 19, 20, 21, 37 and 60.

    4.  Regarding paragraph 7, it is admitted that plaintiff is an African American male and was formerly an employee of the defendant NYS Police. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 7, and therefore denies the same.

5. Regarding paragraph 22, defendant denies that plaintiff was in an off-duty automobile accident on May 26, 2005. Defendant believes that the correct date is May 27, 2005. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 22, and therefore denies the same.

6. Regarding paragraph 25, defendant denies that plaintiff was involved in an automobile accident on May 26, 2005. Defendant believes that the correct date is May 27, 2005. Defendant admits that plaintiff was acquitted of all charges in Buffalo City Court with respect to a May 27, 2005 automobile accident. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 25, and therefore denies the same.

7. Regarding paragraph 30, defendant denies the allegations set forth therein and refers plaintiff to Title 9 N.Y.C.R.R. Section 479.

8. Regarding paragraph 35, defendant denies plaintiff's characterization of the Division of Human Rights' February 15, 2007 determination after investigation, and refers plaintiff to the Division's February 15, 2007 determination after investigation for the best statement and evidence of its content and meaning.

9. Regarding paragraph 36, defendant admits that on March 7, 2007, the NYS Police applied to reopen the above-referenced proceeding and vacate the Division's probable cause determination. The remainder of the allegations are denied.

10. Regarding paragraph 39, defendant denies plaintiff's characterization of plaintiff's initial administrative complaint, and refers plaintiff to said initial administrative complaint for the best statement and evidence of its content and meaning.

11. Regarding paragraph 40, defendant repeats and re-alleges its responses to paragraphs 1 through 39 of the complaint as if fully set forth herein.

12. Regarding paragraph 45, it is admitted that plaintiff is African American. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 45, and therefore denies the same.

13. Regarding paragraph 51, defendant repeats and re-alleges its responses to paragraphs 1 through 50 of the complaint as if fully set forth herein.

14. Regarding paragraph 58, defendant repeats and re-alleges its responses to paragraphs 1 through 57 of the complaint as if fully set forth herein.

15. Denies each and every allegation of the complaint not admitted, denied, or otherwise responded to above, except insofar as such allegation constitutes an admission against plaintiff.

## FIRST DEFENSE

16. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

17. All employment determinations and employment actions taken by the defendant were made for legitimate, non-discriminatory reasons which were not pretextual for discrimination.

## THIRD DEFENSE

18. The plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## FOURTH DEFENSE

19. The plaintiff has failed to mitigate any of the damages alleged in the Complaint.

## FIFTH DEFENSE

20. The Complaint, and each and every cause of action therein, fails to state a claim pursuant to Mt. Healthy Sch. Dist. v. Doyle, 429 U.S. 274.

## SIXTH DEFENSE

21. This action is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## SEVENTH DEFENSE

22. This action is barred, in whole or in part, due to plaintiff's failure to exhaust his state and/or administrative remedies.

## EIGHTH DEFENSE

23. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the defendants. Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

## NINTH DEFENSE

24. Defendant has at all times acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

## TENTH DEFENSE

25. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

## ELEVENTH DEFENSE

26. 42 U.S.C. Section 1981a(b)(1) bars a plaintiff from recovering punitive damages against a government entity for violation of Title VII.

## TWELFTH DEFENSE

27. Even if plaintiff's race was a factor in defendant's challenged employment action, defendant would have taken the same employment action in connection with plaintiff.

## DEMAND FOR JURY TRIAL

28. The defendant demands trial by jury.

**WHEREFORE**, the defendant prays that judgment be entered in its favor, dismissing the plaintiff's Complaint in all respects, with prejudice, and that the defendant be awarded reasonable costs and attorneys' fees, along with such other and further relief as my be just, proper and equitable.

DATED:   Buffalo, New York
         January 28, 2008

ANDREW M. CUOMO
Attorney General of the State
    of New York
Attorney for Defendant
BY:
 s/ Michael A. Siragusa
MICHAEL A. SIRAGUSA
Assistant Attorney General
    of Counsel
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, New York 14202-3473
(716) 853-8485
Michael.Siragusa@oag.state.ny.us

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**DUDLEY P. GILBERT,**

                **Plaintiff,**

   -vs-                                            07-CV-0743 (WMS)

**NEW YORK STATE POLICE and WAYNE E.
BENNETT, INDIVIDUALLY AND AS PAST
SUPERINTENDENT OF THE NEW YORK
STATE POLICE,**

                **Defendants.**
_____

## CERTIFICATE OF SERVICE

      I hereby certify that on January 28, 2008, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

        1.     Gerald T. Walsh
                   gtwalsh@zsa.cc

Dated:  January 28, 2008                ANDREW M. CUOMO
                                                  Attorney General of the
                                                        State of New York
                                                      Attorney for Defendant
                                                    BY:
                                                    s/ Michael A. Siragusa
                                                   MICHAEL A. SIRAGUSA
                                                   Assistant Attorney General
                                                        of Counsel
                                                   NYS Office of the Attorney General
                                                   107 Delaware Avenue
                                                   Buffalo, New York 14202
                                                    (716) 853-8485
                                                    Michael.Siragusa@oag.state.ny.us