**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DUDLEY P. GILBERT,**

                         **Plaintiff,**

   -vs-

**NEW YORK STATE POLICE and WAYNE E. BENNETT, INDIVIDUALLY AND AS PAST SUPERINTENDENT OF THE NEW YORK STATE POLICE,**

                         **Defendants.**

**ANSWER TO COMPLAINT BY DEFENDANT WAYNE E. BENNETT**

**07-CV-0743 (WMS)**

---

      Defendant, Wayne E. Bennett ("defendant"), by and through his attorney, Andrew M. Cuomo, Attorney General of the State of New York, Michael A. Siragusa, Assistant Attorney General, of counsel, as and for an answer to the plaintiff's complaint, states as follows:

   1. In response to paragraph 1 of the complaint, defendant denies engaging in any discriminatory practices against the plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 1 of the complaint.

   2. In response to paragraph 2 of the complaint, defendant admits that plaintiff was discharged from his position.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 2 of the complaint.

   3. In response to paragraph 4 of the complaint, defendant denies that he discriminated against plaintiff on the basis of race, or on any other basis.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 4 of the complaint.

4. In response to paragraph 7 of the complaint, defendant admits that plaintiff is African-American and was a former member of the New York State Police. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 7 of the complaint.

5. In response to paragraph 8 of the complaint, defendant admits that he was the Superintendent of the New York State Police on June 10, 2005. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 8 of the complaint.

6. In response to paragraph 21 of the complaint, defendant admits that he issued a letter to plaintiff, however, defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 21 of the complaint.

7. Denies the allegations contained in paragraphs 6, 30, 31, 32, 33, 46, 47, 48, 49, 50, 53, 54, 55, 56, 57, 61, 62, 63, 64 and 65.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 3, 5, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 52 and 59, and therefore denies the same.

9. Admits the allegations in paragraphs 9, 10, 11 and 60.

10. Regarding paragraph 40, defendant repeats and re-alleges his responses to paragraphs 1 through 39 of the complaint as if fully set forth herein.

11. Regarding paragraph 45, it is admitted that plaintiff is African American. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 45, and therefore denies the same.

12. Regarding paragraph 51, defendant repeats and re-alleges his responses to paragraphs 1 through 50 of the complaint as if fully set forth herein.

13. Regarding paragraph 58, defendant repeats and re-alleges his responses to paragraphs 1 through 57 of the complaint as if fully set forth herein.

14. Denies each and every allegation of the complaint not admitted, denied, or otherwise responded to above, except insofar as such allegation constitutes an admission against plaintiff.

### FIRST DEFENSE

15. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

16. All employment determinations and employment actions taken by the defendant were made for legitimate, non-discriminatory reasons which were not pretextual for discrimination.

### THIRD DEFENSE

17. The plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

18. The plaintiff has failed to mitigate any of the damages alleged in the Complaint.

### FIFTH DEFENSE

19. The Complaint, and each and every cause of action therein, fails to state a claim pursuant to Mt. Healthy Sch. Dist. v. Doyle, 429 U.S. 274.

**SIXTH DEFENSE**

20.   This action is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

**SEVENTH DEFENSE**

21.   This action is barred, in whole or in part, due to plaintiff's failure to exhaust his state and/or administrative remedies.

**EIGHTH DEFENSE**

22.   Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the defendants.  Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

**NINTH DEFENSE**

23.   Defendant has at all times acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

**TENTH DEFENSE**

24.   Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

**ELEVENTH DEFENSE**

25.   42 U.S.C. Section 1981a(b)(1) bars a plaintiff from recovering punitive damages against a government entity for violation of Title VII.

**TWELFTH DEFENSE**

26.   Even if plaintiff's race was a factor in defendant's challenged employment action, defendant would have taken the same employment action in connection with plaintiff.

### THIRTEENTH DEFENSE

27. At all times complained of, defendant was acting in his official capacity with the good-faith belief that his actions did not violate any of the plaintiff's clearly established rights.

### FOURTEENTH DEFENSE

28. Defendant, at all times relevant hereto, acted without malice and under the reasonable belief that his actions were proper and in accordance with existing law.

29. Defendant, at all times relevant hereto, acted in good-faith in the lawful exercise of the discretion committed to him under federal and/or state law and is immune from liability.

30. Defendant did not violate any clearly established statutory or constitutional rights of the plaintiff which a reasonable person would have known, and therefore, is entitled to qualified immunity.

### FIFTEENTH DEFENSE

31. The alleged conduct as set forth in plaintiff's Complaint, in whole or in part, was properly within the discretionary authority committed to the defendant to perform his official functions, and the relief prayed for would constitute an improper intrusion by the federal judiciary into said discretionary authority.

### SIXTEENTH DEFENSE

32. Defendant has at all times acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

### SEVENTEENTH DEFENSE

33. Defendant lacks personal involvement in the matters alleged in this action and, therefore, plaintiff cannot maintain a claim against him under 42 U.S.C. Sec. 1981 and 1981a.

## EIGHTEENTH DEFENSE

34. The doctrine of *respondeat superior* does not apply to actions brought pursuant to 42 U.S.C. Sec. 1981 and 1981a, and bars relief to the plaintiff.

## DEMAND FOR JURY TRIAL

35. The defendant demands trial by jury.

**WHEREFORE**, the defendant prays that judgment be entered in his favor, dismissing the plaintiff's Complaint in all respects, with prejudice, and that the defendant be awarded reasonable costs and attorneys' fees, along with such other and further relief as my be just, proper and equitable.

DATED:   Buffalo, New York
         March 3, 2008

ANDREW M. CUOMO
Attorney General of the State
   of New York
Attorney for Defendant
BY:
 s/ Michael A. Siragusa
MICHAEL A. SIRAGUSA
Assistant Attorney General
   of Counsel
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, New York 14202-3473
(716) 853-8485
Michael.Siragusa@oag.state.ny.us

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**DUDLEY P. GILBERT,**

                **Plaintiff,**

   -vs-                                                  07-CV-0743 (WMS)

**NEW YORK STATE POLICE and WAYNE E.
BENNETT, INDIVIDUALLY AND AS PAST
SUPERINTENDENT OF THE NEW YORK
STATE POLICE,**

                **Defendants.**

---

### CERTIFICATE OF SERVICE

      I hereby certify that on March 3, 2008, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

        1.      **Gerald T. Walsh**
                    gtwalsh@zsa.cc

Dated: March 3, 2008

                                              ANDREW M. CUOMO
                                            Attorney General of the
                                                  State of New York
                                            Attorney for Defendant
                                            BY:
                                             s/ Michael A. Siragusa
                                            MICHAEL A. SIRAGUSA
                                            Assistant Attorney General
                                                  of Counsel
                                            NYS Office of the Attorney General
                                            107 Delaware Avenue
                                            Buffalo, New York 14202
                                            (716) 853-8485
                                            Michael.Siragusa@oag.state.ny.us